ORDER
WRIT GRANTED AND MADE PEREMPTORY:
The trial judge’s denial of the relator’s motion to suppress the results of the blood alcohol test is vacated and set aside. The state bears the burden of proving the admissibility of chemical test results. State v. Tanner, 457 So.2d 1172 (La,1984). Additionally, the state bears the burden of establishing that detailed methods, procedures, and techniques covering repair, maintenance, inspection, cleaning, chemical accuracy and certification of the machines and prove strict adherence to such methods, procedures and techniques. State v. Jones, 316 So.2d 100 (La.1975). In State v. Rowell, 505 So.2d 978 (La.App. 3 Cir.1987), this Court held that the regulations in effect pertaining to the testing of blood to determine alcohol content do not address any of the mandatory requirements to assure accuracy and reliability of the test results, and that, therefore, it would have been impossible for the state to prove the admissibility of the test results in view of the existing inadequate regulations. Based upon our decision in Rowell, supra, the motion to suppress is granted.
Accordingly, this case is remanded to the district court for further proceedings in accordance with law.